# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5341 | **DATE** | 8/15/2012 |
| **CASE TITLE** | American Business Lending vs. Butt, et al | | |

**DOCKET ENTRY TEXT**

Defendants/Counter-Plaintiffs' Motion for a Preliminary Injunction [6] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 20, 2011, Plaintiff American Business Lending ("ABL") filed a Complaint to Foreclose Commercial Property and for Other Relief in the Cook County Circuit Court. ABL is the assignee of Amresco SBA Holdings, the successor by merger to Amresco Independence Funding, Inc. ("Amresco"). Amresco entered into a Loan Agreement with Defendant/Counter-Plaintiff Javed Butt in 1998 in the original principal amount of $1,398,000.00 ("the Loan"). The Loan was secured by a piece of real estate in East Hazel Crest, Illinois ("the Property").

After removing the case to this court, Butt filed a Motion for a Preliminary Injunction asking the court to order ABL to 1) reduce the interest rate on the Loan to the prime rate + 1.5 percent and refund $75,000 in overpayments allegedly made by Butt, 2) release to Butt $28,087 in money from insurance proceeds held in an escrow account, and 3) approve a contract under which a billboard company would pay Butt $50,000 to place a billboard on the Property. The court held an evidentiary hearing concerning the motion for a preliminary injunction on August 6, 2012.

To determine whether preliminary injunctive relief is appropriate, a district court engages in a two-step analysis consisting of a threshold phase and a balancing phase. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1085-86 (7th Cir. 2008). To survive the threshold phase, a party seeking injunctive relief must establish that: (1) the claim has some likelihood of success on the merits; (2) absent a preliminary injunction, it will suffer irreparable harm pending final resolution of its claim; and (3) no adequate legal remedy exists. *Id.* at 1086. "If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction." *Id.*

Here, the court finds that Butt fails to survive the threshold phase on any of his three claims because he has not established that he has some likelihood of success on the merits. The burden of showing a likelihood of success on the merits is on Butt, as he is the party moving for the preliminary injunction. *See Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

# STATEMENT

The court first considers Butt's argument that he made payments on the Loan at an inflated interest rate and is therefore entitled to $75,000 in refunded payments. ABL argues that Butt entered into a Small Business Administration ("SBA") Note ("the Note"), under which he was to repay the Loan at a floating rate of 1.5 percent over the prime rate. Under the terms of the Note, "[i]f the SBA purchase[d] the guaranteed portion of the unpaid principal balance, the interest rate bec[ame] fixed at the rate in effect at the time of the earliest uncured payment default."

Butt argues that the provision in the Note indicating that the interest rate could become fixed is not enforceable, because the documents setting out the terms of the loan provided to him by Amresco before the loan closing did not include the term indicating that the interest rate could become fixed. The court finds, however, that Butt was either aware or should have been aware of the term of the Note providing for the fixed interest rate. During the evidentiary hearing, Butt's lawyer admitted on cross-examination that the conditional approval Amresco provided to Butt before the loan closing was only a statement of terms, not a promissory note. The conditional approval indicated that approval of the Loan was "subject to terms and conditions outlined in the SBA Authorization," which in turn stated that "the interest rate becomes fixed" in the event of an uncured payment default. Butt was represented by an attorney at the loan closing and acknowledged receiving various documents in connection with the Note, several of which referenced the terms of the SBA Note. And Butt acknowledged at the evidentiary hearing that his signature and initials appear on the Note itself, although he claimed not to remember signing it. Finally, Butt's lawyer stated that, in responding to a 2004 foreclosure complaint, Butt admitted the terms of the Note.

The court further finds that the Loan went into default in 2002 as a result of non-payment of property taxes, and the guaranteed portion of the loan was purchased by the SBA on or around April 14, 2005. The interest rate then became fixed at 6.75 percent, the rate in effect at the time of the default. Thus, the court concludes that the fixed interest rate was properly applied under the terms of the Note.[1] Given these findings, the court concludes that Butt has no chance to prevail on his argument that he overpaid interest on the Loan in the amount of $75,000.

As to the escrow account, the court finds that, under the terms of the escrow agreement, the money in the account was to be used to repair damages resulting from water damage to the Property, and any unused funds were to be put toward the balance of the Note. Butt offered inconsistent testimony about the proposed use of the funds in the account. At various times, Butt or his attorney stated that Butt sought the funds as reimbursement for repairs already made, to demolish a building on the Property, or to pay property taxes. The court finds that, given this conflicting testimony, Butt has not met his burden to show that he is likely to prevail on his argument that ABL was required to release the funds in the escrow account to him.

Furthermore, Butt cannot show irreparable harm absent a preliminary injunction as to the escrow account funds. Butt claims that releasing the money in escrow is necessary to allow him to pay overdue property taxes and thus keep the Property, because his unpaid taxes have been purchased by a third party and must be redeemed by September 2012. Butt, however, admits that he owes approximately $350,000 in outstanding real-estate taxes. The funds in the escrow account are far from sufficient to cover the taxes owed on the Property. The court concludes that even were the funds released, they would not enable Butt to save the Property. Thus, failing to release the funds would not make the difference as to whether Butt suffered irreparable harm.

As to ABL's alleged failure to approve the billboard contract, the court finds that Butt has not established a likelihood of success on the merits because he failed to show that ABL's failure to approve the billboard contract was the reason the billboard was not erected. Testimony from Butt's attorney suggested potential problems with state licensing requirements and revealed that Butt has not communicated with the company with

which he had a tentative billboard contract since March 2011.  Given that a contract may not exist at this point in time, the court concludes that Butt can show neither a likelihood of prevailing on this issue, nor that he would suffer irreparable harm absent injunctive relief.  The court therefore denies Butt's motion for a preliminary injunction requiring ABL to approve the billboard contract.

In summary, the court finds that Butt has failed to establish either a significant likelihood of success on the merits or irreparable harm on any of his three claims.  The court therefore denies Butt's motion for a preliminary injunction.

[1]       The court also notes that Butt has not demonstrated that he was harmed by the fixed rate.  During the evidentiary hearing, ABL presented evidence suggesting that Butt might have benefitted from the fixed rate over the course of his loan payments, as the floating rate was at times higher than 6.75 percent.